IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TAMALA MASTERS, | : | Case No. 3:14-cv-337 |
| Plaintiff, | : | Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| v. | : | |
| CAROLYN W. COLVIN,<br>Commissioner of the Social<br>Security Administration, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTIONS (DOC. 20) TO THE REPORT AND RECOMMENDATIONS (DOC. 16); ADOPTING IN PART THE REPORT AND RECOMMENDATIONS (DOC. 16); VACATING THE COMMISSIONER'S NON-DISABILITY FINDING; REMANDING THE APPLICATION FOR FURTHER CONSIDERATION UNDER 42 U.S.C. § 405(g); AND TERMINATING THIS CASE**

This is an action under 42 U.S.C. § 405(g) for review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Tamala Masters's application for Disability Insurance Benefits. On January 29, 2016, Chief Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (Doc. 16), which recommended that the Court reverse the Commissioner's non-disability finding and remand the matter to the Social Security Administration for the payment of benefits. On March 9, 2016, the Commissioner filed Objections (Doc. 20) to the Report and Recommendations. On March 23, 2016, Plaintiff filed a Response (Doc. 22) to the Commissioner's Objections. This matter is therefore ripe for the Court's review.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case. Upon said review, the Court finds that the Commissioner's objections to reversal of the Commissioner's non-disability finding and remand of this case for an immediate award of benefits are **SUSTAINED**. The Court agrees with the

Chief Magistrate Judge's determination that the ALJ erred in its analysis of the opinion of Dr. Eugene Kim, Plaintiff's treating physician.  However, even if, on remand, the ALJ were to find that Dr. Kim's opinion is entitled to controlling or deferential weight, that finding would not dictate the conclusion that Plaintiff was under a benefits-qualifying disability.  Consequently, a remand for further proceedings is more appropriate than reversal of the Commissioner's non-disability finding.  In addition, a remand for the payment of benefits would not be proper because this case does not present a situation "where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."  *See Faucher v. Sec'y of Soc. Sec.*, 409 Fed. App'x 852, 865 (6th Cir. 2011).  The Commissioner's remaining objections to the Report and Recommendations are **OVERRULED**.

The Court **ADOPTS** the analysis in the Report and Recommendations (Doc. 16), with the exception of Part V.B. (Remand for Benefits) and the Chief Magistrate Judge's recommendations that the Commissioner's non-disability finding be reversed and the case be remanded for the payment of benefits.   Accordingly, the Court rules as follows:

1. The Commissioner's non-disability determination is **VACATED** and no finding is made as to whether Plaintiff was under a disability within the meaning of the Social Security Act;

2. This matter is **REMANDED** to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with the Report and Recommendations (Doc. 16); and

3. The Clerk is **ORDERED** to terminate this case on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, March 25, 2016.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
